UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HANCOCK BANK,

       Plaintiff,

v.                                                                    Case No: 6:12-cv-353-Orl-28TBS

HOMES BY CARMEN DOMINGUEZ,
L.C., CARMEN DOMINGUEZ and
REUNION RESORT & CLUB OF
ORLANDO MASTER ASSOCIATION,
INC.,

       Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Hancock Bank's Motion for Deficiency

Judgment. (Doc. 31). Defendants Carmen Dominguez and Homes by Carmen

Dominguez, L.C. have filed an answer and response in opposition (Docs. 34, 36), and

Plaintiff has filed a reply (Doc. 39).

Plaintiff filed this action to enforce collection of mortgage secured loans it made to

Defendant Homes by Carmen Dominguez, L.C., guaranteed by Defendant Carmen

Dominguez. On June 12, 2012, the Court entered a consent final judgment of

foreclosure, finding that Plaintiff was owed a total of $1,959,504.41 which accrues interest

at the rate prescribed in 28 U.S.C. § 1961. (Doc. 22). In the judgment, Defendants

reserved the right to assert post-judgment claims and defenses as to the amount claimed

due under the Verified Complaint or as to any claimed deficiency. The Court reserved

jurisdiction over the parties to grant additional relief including the entry of a deficiency

judgment. (Id.).

On October 26, 2012, Plaintiff bought the mortgaged property at a foreclosure sale for $100.  (Doc. 28).  The Court subsequently confirmed the sale, and on April 23, 2013 Plaintiff filed the pending motion, which begins deficiency proceedings against Defendants.  (Docs. 30-31).  The motion seeks a judgment equivalent to the difference between the amount due on the consent judgment of foreclosure and the fair market value of the mortgaged property.  Plaintiff alleges that the fair market value of the property on the date of the sale was $283,500, leaving a deficiency of $1,676,004.41.  Defendants have filed their verified answer and defenses to the motion.  (Docs. 34, 36).

The parties agree that Florida law governs the present controversy.  Florida law contemplates the continuation by motion of a mortgage foreclosure action for purposes of entry of a deficiency judgment.  Royal Palm Corporate Center Ass'n, Ltd. v. PNC Bank, NA, 89 So.3d 923, 931-32 (Fla. 4th DCA 2012); Timmers v. Harbor Federal Savings and Loan Ass'n, 548 So.2d 282, 283 (Fla. 1st DCA 1989); Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 768 (Fla. 1931).  This procedure avoids the expense and inconvenience of a new lawsuit to collect the balance owed to the creditor.  Id.

Because Plaintiff's motion starts the deficiency proceedings and Defendants have answered the claims against them, it is appropriate at this point for the Court establish a case management schedule for resolution of the deficiency claim.  Accordingly, I recommend the Court issue an order requiring the parties to prepare and submit their case management report in accordance with Local Rule 3.05(c)(2).

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 16, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties